IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| ETHAN GOODLOW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cv-00597-DGK |
| | ) | |
| THE BOARD OF POLICE | ) | |
| COMMISSIONERS OF KANSAS CITY, | ) | |
| MISSOURI et el., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING ALTERNATIVE SERVICE OF PROCESS

Before the Court is Plaintiff's Motion for Alternative Service of Process (ECF No. 25). Plaintiff requests an order (1) allowing alternative service of this action upon Defendants Don Stanze and Ed Elder and (2) directing the U.S. Marshalls to effect this service by publication, mail, last known employer, or pension or retirement records administrator. ECF No. 25 at 3–4. For the following reasons, the Court DENIES Plaintiff's motion.

## DISCUSSION

Federal Rule of Civil Procedure 4(e) allows service of process on an individual according to the law of "the state where the district is located." Missouri law allows service on an individual by mail. MO. REV. STAT. § 506.150(4). If the defendant does not acknowledge service by returning an acknowledgment form to the plaintiff as prescribed under R. 54.16, "service of the summons and petition shall be made as otherwise provided by statute or rule," R. 54.16, that is, by personal service, delivery at the defendant's home with a person of suitable age, or delivery to an agent authorized to receive service on the defendant's behalf. § 506.150.1(1). *See also Cook v. Polineni*, 967 S.W.2d 687, 693 (Mo. App. 1998) ("[D]efendant must complete and return to the sender the acknowledgment [form] before service in that manner may be effective.").

Plaintiff has not shown diligent effort to find an address to serve either Stanze or Elder by mail. Nor has he indicated compliance with the statutory requirements for service by mail, i.e., "two copies of a notice and acknowledgment . . . form . . . and a return envelope, postage prepaid, addressed to the sender." § 506.150(4). Doing so is Plaintiff's responsibility, not the U.S. Marshalls'.

Missouri law also allows service by publication for cases *in rem* or *quasi in rem* "or in any special proceedings in which notice by mail or by publication is authorized, including but not limited to actions to quiet title and actions to ascertain and determine title to real estate." § 506.160.1.

Defendant has not shown that a § 1983 claim is a "special proceeding" within the meaning of the statute, and the statute indicates that "special proceedings" generally include actions concerning property, not civil rights. But even if a § 1983 claim could be a "special proceeding," there must be a "substantial basis in the evidence to conclude that" a plaintiff made "an honest and reasonable effort . . . to locate a defendant for personal service before service by publication may be utilized." *Rosemann v. Rosemann*, 349 S.W.3d 468, 472 (Mo. App. 2011). There is no such substantial basis in the evidence here. The record shows a single attempt to serve Stanze and Elder at the Kansas City Police Department, ECF Nos. 11, 23, despite Plaintiff's claim that "multiple attempts" have been made. ECF No. 25.1. Service by publication may not be utilized here.

Defendant has already tried to serve Stanze and Elder at their last known employer (KCPD), ECF Nos. 11, 23, but KCPD is not an agent authorized to receive service for them.

Finally, Defendant offers no legal basis for serving either Stanze or Elder "via Pension or Retirement Records Administrator."

The Court therefore DENIES Plaintiff's Motion for Alternative Service of Process.

**IT IS SO ORDERED.**

Date: September 11, 2025          /s/ Greg Kays
                                  GREG KAYS, CHIEF JUDGE
                                  UNITED STATES DISTRICT COURT