IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ETHAN GOODLOW, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:25-cv-597-DGK |
| BOARD OF POLICE COMMISSIONERS OF KANSAS CITY, et al., | ) |
| Defendants. | ) |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This is a § 1983 civil rights action. Pro se Plaintiff Ethan Goodlow alleges violations of his First, Fourth, and Fourteenth Amendment rights arising from a series of arrests and searches in 2019. Plaintiff brings twenty-one claims against Defendants Board of Police Commissioners of Kansas City ("the Board"); Board members Quinton Lucas, Dawn Cramer, Tom Whitaker, Madeline Romious, and Ed Elder; the City of Kansas City, Missouri ("Kansas City"); Kansas City Police Department ("KCPD") Officers Don Stanze, Dave Barbour, Dave Middleton, Jamie Fratres, Drew Pittenger, and John Does 1–10; Missouri Attorney General Andrew Bailey and Assistant Missouri Attorney General Adam Morello. The claims include malicious prosecution, false arrest, false imprisonment, unlawful seizure and transport, conspiracy to violate civil rights, retaliation for protected activity, failure to train, and excessive force. *See* Complaint, ECF No. 1-1 at 34.

Now before the Court is Defendant Kansas City's Motion to Dismiss Count IX (Supervisory Liability/Failure to Train), Count XV (Pattern, Practice, and Custom of Misconduct), and Count XIX (Failure to Train and Supervise) for failure to state a claim. ECF

No. 27. For the reasons stated below, Defendant's motion is GRANTED. All claims against all other parties remain.

## Legal Standard

Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing the pleader is entitled to relief." A claim may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, a court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to" the plaintiff. *Stodghill v. Wellston School Dist.*, 512 F.3d 472, 476 (8th Cir. 2008).

To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff need not demonstrate the claim is probable, only that it is more than just possible. *Id.* Rule 8 "does not require detailed factual allegations" to show facial plausibility, "but it demands more than an unadorned, the-defendant-harmed-me accusation." *Id.* "Asking for plausible grounds to infer [a defendant's liable conduct] . . . simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" thereof. *Twombly*, 550 U.S. at 556.

In reviewing the complaint, a court construes it liberally and draws all reasonable inferences from the facts in the plaintiff's favor. *Monson v. Drug Enforcement Admin.*, 589 F.3d 952, 961 (8th Cir. 2009). A court generally ignores materials outside the pleadings but may

consider materials that are part of the public record or materials that are necessarily embraced by the pleadings. *Miller v. Toxicology Lab. Inc.*, 688 F.3d 928, 931 (8th Cir. 2012).

A pro se complaint must be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and "pro se litigants are held to a lesser pleading standard than other parties," *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008). "However, this standard does not excuse pro se complaints from alleging sufficient facts to support the claims advanced." *Gerstner v. Sebig, LLC*, 386 Fed. App'x 573, 575 (8th Cir. 2010) (modified, citation omitted).

## Background

As alleged in the Complaint, ECF No. 1-1, Plaintiff was arrested by KCPD officers on February 6, 2019, for possession of a firearm and marijuana. KCPD transported Plaintiff to Plaintiff's father's residence, where KCPD was executing a search warrant. Pursuant to that warrant, KCPD confiscated mail addressed to Plaintiff, a firearm, and ammunition. Plaintiff was placed in custody. The charges were dismissed on February 8, 2023.

Plaintiff was arrested again by KCPD officers on October 23, 2019, for selling THC and was placed in custody. This charge was also ultimately dismissed.

Plaintiff alleges numerous violations of his rights by KCPD with respect to the arrests, searches, warrants, transport, and access to the Jackson County, Missouri, Courthouse, all of which constitute "a pattern of unlawful conduct by the [KCPD], individual officers, supervisory officials and members of the Board . . . ." ECF No. 1-1 at 2.

As to Defendant Kansas City, Plaintiff alleges Kansas City "fail[ed] to prevent the unconstitutional conduct of the [KCPD]." *Id.* at ¶ 2. He alleges Kansas City is responsible for the allocation of resources, risk management, and the legal defense of the Board [of Police Commissioners] and the KCPD under Missouri law." *Id.* Kansas City "adopt[ed], maintain[ed],

or fail[ed] to correct customs, policies and practices that were the moving force behind the constitutional violations suffered by Plaintiff." *Id.* at ¶ 132. And Kansas City is "responsible for hiring, training, supervising, and disciplining officers and agents acting under their authority, including those involved in the incidents giving rise to this complaint." *Id.* at ¶ 202.

Plaintiff alleges Supervisory Liability/Failure to Train (Count IX), Pattern, Practice, and Custom of Misconduct (Count XV), and Failure to Train and Supervise (Count XIX) against Kansas City.

**Discussion**

Defendant Kansas City argues that its liability for the actions of the KCPD officers depends upon the theory that Kansas City employs KCPD officers and is responsible for their training and policies. ECF No. 28 at 3. But KCPD is not an agency of Kansas City; it is governed exclusively by the Board of Police Commissioners, an independent entity created by Missouri statute. *Id.* at 3–4. KCPD is "under the exclusive management and control of the [Board of Police Commissioners], and [is] subject to no other control and entitled to receive neither orders nor pay . . . from any other authority." Mo. Rev. Stat. § 84.460. The statute empowers the Board to "[a]dopt rules and regulations . . . governing the conduct of [KCPD]." § 84.420.2(1). As to officer discipline, "[t]he board shall hear all complaints or charges filed against any member of the police department." § 84.430.1. The actions of KCPD officers alleged in the complaint cannot create liability in Kansas City, so Plaintiff fails to state a claim against Kansas City. ECF No. 28 at 4.

Plaintiff responds that "[n]ot all misconduct alleged in [the] Complaint arises from KCPD officers." ECF No. 30 at 2. Plaintiff also alleged that he was "physically denied access" to the Jackson County Courthouse, which, he claims, "operat[es] within City-owned and City-

4

Case 4:25-cv-00597-DGK     Document 80     Filed 02/16/26     Page 4 of 6

maintained facilities." *Id.* Therefore, Plaintiff argues he has stated a claim for Denial of Due Process (Count VII), Conspiracy to Violate Civil Rights (Count VIII), and Supervisory Liability/Failure to Train (Count IX) against Kansas City. *Id.* at 3.

In its reply, Kansas City notes that Counts VII and VIII are brought against KCPD officers, not Kansas City, and that Count IX, which is brought against Kansas City, is brought under the theory that Kansas City is responsible for KCPD, when, in fact, the Board is. ECF No. 33 at 1–2. Moreover, Plaintiff's allegation that Kansas City is liable for KCPD's locking him out of the Jackson County Courthouse because (for the sake of argument) Kansas City "owned" and "maintained" the Courthouse, would have to be brought as a claim for premises liability, since Kansas City is not responsible for the actions of the KCPD officers. *Id.* at 2. Plaintiff has not done so but has rather relied upon a theory of supervisory liability in Count IX. *Id.*

Kansas City has the better argument. All three claims Plaintiff brings against Kansas City arise from actions by KCPD officers and depend on failure-to-train or official-policy theories of liability. Any allegation arising from KCPD officers' actions fails to state a claim against Kansas City, because, as Missouri law makes clear, and as Kansas City has adequately demonstrated, Kansas City has no authority over, or responsibility for, KCPD. All authority and responsibility for KCPD belong to the Board. Mo. Rev. Stat. § 84.460. Counts IX, XV, and XIX therefore fail to state a claim against Kansas City. Moreover, with respect to the alleged "locked doors incident," even construing this pro se complaint, Plaintiff has not alleged sufficient facts to support his claims for failure to train (Counts IX and XIX) against the City of Kansas City for KCPD's alleged actions at the Jackson County Courthouse (Counts IX and XIX).

## Conclusion

For the reasons discussed above, Defendant City of Kansas City's motion is GRANTED. Count IX (Supervisory Liability/Failure to Train), Count XV (Pattern, Practice, and Custom of Misconduct), and Count XIX (Failure to Train and Supervise) are DISMISSED as to Defendant City of Kansas City, Missouri. All claims against all other parties remain.

**IT IS SO ORDERED.**

Date: February 16, 2026                     /s/ Greg Kays
                                            GREG KAYS, JUDGE
                                            UNITED STATES DISTRICT COURT